SANTINI, APPELLANT, *v.* THE REGISTRAR OF CAGUAS,
RESPONDENT.

APPEAL from a Decision of the Registrar of Property Deny-
ing Admission to Record of a Deed of Cancellation of
Mortgage. ·

No. 246.—Decided December 21, 1915.

CANCELLATION OF MORTGAGE—RECORD OF TITLE—ATTORNEY IN FACT—POWER OF
ATTORNEY.—When a deed of cancellation of mortgage executed by an attorney
in fact is denied admission to record because it does not show the character
and powers claimed by the attorney in fact, the only way to cure the defect.
is by presenting the power of attorney appointing him as such and defining·
his authority.

ID.—POWER OF ATTORNEY—ALIENATION OF PROPERTY—RECORD OF TITLE—DEFEC-
TIVE DEED.—In this case it was sought to cure such defect by presenting in
the registry a new deed of cancellation and a power of attorney in favor of·
a different attorney in fact, which power conferred upon the attorney authority
to receive and collect interest, annuities and other accessories, to accept reim-
bursement of amounts loaned and give receipts for the same, to dissolve attach--
ments and consent to the radiation of records. The registrar having deemed
the said power of attorney insufficient for the cancellation of the mortgage,
the present appeal was taken and it was *Held:* (1) That the power of attorney
gives no express authority to cancel mortgages, which is an indispensable.
requisite according to section 1615 of the Civil Code; ˙(2) that the cancella--
tion of a mortgage involves a real act of alienation, for by it the mortgagee·
is deprived of a real right belonging to him; (3) that the word "radiation"
is not equivalent to the word "cancellation," according to the Dictionary of·
the Spanish Royal Academy, which should be referred to for the real mean--
ing of the word; (4) that if any doubt should exist as to the interpretation
of the power of attorney it must be construed strictly.

The facts are stated in the opinion.

*Mr. Lorenzo Jiménez García* for the appellant.

The respondent registrar did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of·
the court.

By deed No. 259 executed in Caguas on December 12,.
1913, before Notary Lorenzo Jiménez García, Laurent Dib-
bets, as general attorney in fact of Barons August and Con-
stant Goffinet, authorized the cancellation of a mortgage on
a rural property belonging to Cantalicio Santini Torres who

acquired the same subject to the mortgage from the conjugal partnership of Simona del Carmen Solá López and Manuel Jiménez Jiménez, these having created the said mortgage upon the property in favor of the Goffinet brothers to secure the payment of a loan of $1,750. It was set out in the said deed that at the time of its execution Dibbets, as such attorney in fact, received of Santini the amount of the debt and therefore agreed to the cancellation of the mortgage, expressly consenting to the entry in the registry of property of the corresponding record of discharge.

The said deed having been presented in the Registry of Property of Caguas, the registrar refused to admit it to record in the following decision, of July 3, 1915:

"The foregoing document, deed No. 259, executed in this city before Notary Lorenzo Jiménez García on December 12, 1913, is denied admission to record because it does not show the authority of Laurent Dibbets to cancel the mortgage referred to as attorney in fact of Barons August and Constant Goffinet, the mortgagees. A cautionary notice is entered, etc."

Santini solicited the conversion of the cautionary notice referred to in the said decision into a final record, presenting in the said registry a deed authorizing the cancellation of the said mortgage, which deed was executed as No. 101 before Notary Lorenzo Jiménez García on July 9, 1915, by Prudent Wittemans as substitute attorney in fact of the Goffinet brothers in favor of Santini, together with the instrument appointing the substitute attorney in fact which was executed before Notary Herminio Díaz Navarro on May 4, 1914, by Luis Godín as attorney in fact of the Goffinet brothers in favor of Prudent Wittemans. The registrar denied the request of Santini in the following decision:

"The conversion of the cautionary notice referred to in the foregoing decision into a final record is denied because the same defect which occasioned the said decision still exists and although said defect is supposed to be cured by the presentation of deed No. 101,

executed in this city before Notary Lorenzo Jiménez García on July 9, 1915, together with instrument No. 45 appointing the substitute attorney in fact executed in San Juan before Notary Herminio Díaz Navarro on May 4, 1914, the said deed No. 101 is considered insufficient for the cancellation of the mortgage because no express power is given for the cancellation of mortgages and because although Laurent Dibbets, as attorney in fact of the mortgagees, received the amount of the credit, the said deed No. 101 is executed by the substitute attorney in fact, Prudent Wittemans, without express authorization     *     *     *.''

That decision is submitted to this court in an administrative appeal taken by Santini.

We find that the decision is in conformity with the law.

The defect pointed out in the decision of July 3, 1915, was not cured by the two instruments subsequently presented in the registry. The only way of curing the defect that the deed of cancellation of December 12, 1913, did not show the character and powers of Laurent Dibbets as attorney in fact of Barons August and Constant Goffinet was by presenting the power of attorney appointing him as such and that instrument has not been presented in the registry.

Nor is the second deed of cancellation of July 9, 1913, executed by Prudent Wittemans as attorney in fact of the Goffinet brothers admissible to record. The power of attorney executed on November 24, 1913, by the Goffinet brothers in favor of Luis Godín before Jean Henri Declerk, a notary public of Brussels, which is transcribed in Spanish instead of in French in the instrument executed by Luis Godín appointing Prudent Wittemans a substitute attorney in fact, confers upon Luis Godín the power, among others, ''to receive and collect all interests, annuities and other accessories; to accept the reimbursement of the amounts loaned and give receipts for them; to dissolve attachments and consent to the radiation of all records     *     *     *.'' It gives no express power to cancel mortgages and that requisite is indis-

pensable in the present case, according to section 1615 of the Civil Code, which provides that in order to compromise, alienate, mortgage or execute any other act of strict ownership an express commission is required. The cancellation of a mortgage involves a true act of alienation, for by it the mortgagee is deprived of a real right which belonged to him. *Benítez Hermanos* v. *The Registrar of Property,* 17 P. R. R. 221.

The appellant maintains that the word *"radiación"* in French means to extinguish, to erase, to strike out.

In the instrument executed by Luis Godín appointing Prudent Wittemans a substitute attorney in fact the power of attorney was transcribed, as we have said, in Spanish and not in French. In order to understand its words we should not look to the French language but to the Spanish and according to the Dictionary of the Spanish Royal Academy, radiation is the act or process of radiating and radiating is "the emission or diffusion of rays of light or heat by a luminous or hot body."

In any event, if any doubt should exist as to the interpretation of the power of attorney it must be construed strictly. *Fano* v. *Registrar of Property,* 15 P. R. R. 313; *López Landrón* v. *Registrar of Property,* 15 P. R. R. 703; *Villar* v. *Registrar of Property,* 17 P. R. R. 412; *Post et al.* v. *Registrar of Property,* 19 P. R. R. 180; *Successors of Andreu & Co.* v. *Registrar of Property,* 20 P. R. R. 396; *Crehore* v. *Registrar of Property,* 22 P. R. R. 30; *Baquero et al.* v. *Registrar of Property,* 22 P. R. R. 22.

The decision appealed from is

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.